UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

**K.J., a minor, by and through her mother
CARAN BRAUN,**

    Plaintiff,

vs.                                              Case No.: _____

**SAUK PRAIRIE SCHOOL DISTRICT, a
Wisconsin municipality and
TED HARTER, in his official capacity as
principal of Sauk Prairie Middle School,**

    Defendant.

# COMPLAINT

The Plaintiff, K.J., a minor, by and through her mother CARAN BRAUN, by her attorneys, Cullen Weston Pines & Bach LLP and Traver, Haass & Eshleman Law Firm, LLP, for her complaint against the Defendant alleges as follows:

## INTRODUCTION

1. The Plaintiff in this First Amendment free-expression case is a middle school student who has been banned by the Sauk Prairie School District from wearing at the Sauk Prairie Middle School bracelets made of bands of colored rubber and other wear that promote breast cancer awareness by bearing the message "I ♥ Boobies! (Keep a Breast)."

2. The Plaintiff seeks declaratory and injunctive relief to vindicate her First Amendment right to wear her "I ♥ Boobies! (Keep a Breast)" wear in order to

1

express her support for breast cancer awareness and prevention, and to end the school's retaliatory and punitive measures, including detentions and dress code violations if she displays the "I ♥ Boobies! (Keep a Breast)" message.

## JURISDICTION AND VENUE

3. This action seeks to vindicate rights protected by the First and Fourteenth Amendments to the United States Constitution and is brought under 42 U.S.C. § 1983.  The Court has jurisdiction over this civil rights action pursuant to 28 U.S.C. §§ 1331(a) and 1343(a)(3) and (4).  This Court has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and its equitable powers to declare the rights of the parties and to grant all further relief that the Court deems necessary and proper.

4. Venue herein is proper under 28 U.S.C. § 1391(b) because the Western District of Wisconsin is the judicial district in which all events and omissions giving rise to the claims occurred.

## PARTIES

5. K.J. is a thirteen-year-old who in the fall of 2011 began eighth grade at Sauk Prairie School District's Sauk Prairie Middle School in Sauk, Wisconsin.  She was enrolled in and attended the Sauk Prairie Middle School in the 2010-2011 school year as a seventh-grader.  K.J. lives with her family in Sauk, Wisconsin.  She is represented by her mother, Caran Braun.

6. Defendant Sauk Prairie School District (the "District") is a municipal school district, governed and operated by a municipal school board, organized and

existing pursuant to the Wisconsin Statutes.  The District maintains its administrative office at 213 Maple Street, Sauk City, Wisconsin, 53583.

7. Defendant Ted Harter is the Principal of the Sauk Prairie Middle School, a school within the Sauk Prairie School District, and is sued in his official capacity.

**FACTS**

8. Plaintiff was a seventh grade student in the 2010-2011 school year, and is an eighth grade student in the current 2011-2012 school year, enrolled in and attending the Sauk Prairie School District's Sauk Prairie Middle School.

9. In the early fall of 2010, K.J. and her mother purchased an "I ♥ Boobies! (Keep a Breast)" bracelet for K.J.  K.J. wanted to wear the bracelet to show her concern over breast cancer and help raise awareness of breast cancer and prevention.

10. "I ♥ Boobies! (Keep a Breast)" bracelets and other "I ♥ Boobies! (Keep a Breast)" wear are distributed by the Keep A Breast Foundation, a nonprofit organization whose mission is to "help eradicate breast cancer by exposing young people to methods of prevention, early detection and support.  The "I ♥ Boobies! (Keep a Breast)" wear is part of the Foundation's nationwide, award-winning "I Love Boobies" Campaign of youth outreach and education.

11. According to its website (http://www.keep-a-breast.org/programs/i-love-boobies/), the purpose of Keep A Breast Foundation's "I Love Boobies" Campaign is to "speak to young people in their own voice about a subject that is often scary and taboo."  More specifically, the Campaign's bracelets and t-shirts

"act as an awareness-raising tool" that speak to young people "in a way that is authentic, inspiring and refreshing."

12. As explained on its website, the Keep A Breast Foundation "believes the best way to reach, educate and impact people is by speaking to them in a voice they can relate to." By reaching young people with their message about breast cancer awareness, prevention, detection and support, Keep A Breast Foundation fills an important gap not currently being addressed by other breast cancer awareness organizations.

13. Through Keep A Breast Foundation's "I Love Boobies" Campaign, young people learn that breast cancer is the leading cause of cancer deaths in young women under the age of 40, but many young people mistakenly believe that breast cancer is only a problem for older women. They also learn that although the incidence of breast cancer in young women is much lower than that in older women, young women's breast cancers are generally more aggressive and are diagnosed at a later stage, resulting in lower survival rates. (See http://www.keep-a-breast.org/programs/i-love-boobies/)

14. Seeing a bracelet, t-shirt, or other gear with the "I ♥ Boobies! (Keep a Breast)" message on it is a conversation-starter that leads to discussion and awareness of issues affecting young people. Keep A Breast Foundation encourages people to use the gear as an opportunity to start a conversation about breast cancer prevention, body image, early detection, and the importance of living a healthy lifestyle.

4

15. The "I ♥ Boobies! (Keep a Breast)" bracelets have been popular at the Sauk Prairie Middle School since early in the fall 2010 term. Dozens, if not hundreds, of students wore them throughout that term. There was no disruption of class as a result of the bracelets. Nor was there disruption outside of class.

16. Despite the fact that the Plaintiff and many other students at Sauk Prairie Middle School had worn "I ♥ Boobies! (Keep a Breast)" bracelets for most of the first semester of the 2010-2011 school year without creating material and substantial disruption to school operations, near the start of the second semester of the 2010-2011 school year, the Sauk Prairie Middle School Principal, Defendant Ted Harter (hereinafter "Principal Harter"), announced at a school assembly that students would no longer be allowed to wear the "I ♥ Boobies! (Keep a Breast)" bracelets.

17. Principal Harter told the students at the assembly that the bracelets were a "distraction" and that some teachers were "offended." Principal Harter later said publicly that a few parents and teachers told him they found the slang on the bracelets "inappropriate" some felt the slogan on the bracelets "trivialized the disease."

18. Principal Harter also later cited the school's dress code as a basis for the ban: "Our school dress code refers to any kind of dress that might be distracting or inappropriate for middle school." He explained, "We looked at the bracelets, and there is a slang term. 'Boobies' is a slang term that we would not want students using in classroom discussion or teachers using in a classroom discussion."

19. Later in the semester, Principal Harter's directive banning outright the "I ♥ Boobies! (Keep a Breast)" bracelets was revised, though in no material way, to allow students to wear them but only as long as they turned them inside-out, so as to hide the message.

20. Students who wear clothing or bracelets displaying the "I ♥ Boobies! (Keep a Breast)" message risk detentions, suspension and other penalties.

21. After Principal Harter banned the wearing of the "I ♥ Boobies! (Keep a Breast)" bracelets, and later the display of the message on the bracelet, on information and belief another student wore a Keep A Breast Foundation t-shirt with the "I ♥ Boobies! (Keep a Breast)" message to school and was "dress coded" and made to change her shirt in order to remain at school.

22. During a conference with Principal Harter and K.J.'s mother, Caran Braun, about the ban, Principal Harter told Ms. Braun that students have no First Amendment rights, although he later retracted and revised his position to claiming students have very limited First Amendment rights.

23. At no time has there been any disruption of classes or school operations as a result of K.J. wearing her "I ♥ Boobies! (Keep a Breast)" bracelet, or as a result of the other student wearing her "I ♥ Boobies! (Keep a Breast)" t-shirt.

24. At no time has K.J. made inappropriate, rude, or insulting remarks to anyone.

25. Students do have First Amendment rights, and the First Amendment does not allow schools to censor students' speech merely because some teachers are offended by a non-vulgar educational message.  Silencing the speakers because

6

other students might react inappropriately would amount to a constitutionally impermissible heckler's veto.  Because the school cannot meet its burden to show that the bracelets have caused a substantial and material disruption, the ban violates Plaintiff's First Amendment rights.

26. Since wearing the bracelet, a young relative of K.J.'s began to practice self-examination and discovered a lump in her breast.  She had it examined by a physician; fortunately it was not cancer.

27. Since wearing the bracelet, K.J. has learned of many people – including members of the Sauk community – who have battled breast cancer, some of whom have died, because wearing the "I ♥ Boobies! (Keep a Breast)" bracelet leads to conversation about the disease.

28. The "I ♥ Boobies! (Keep a Breast)" bracelets have stirred controversy in a few other school districts across the state and nation.  This is the second lawsuit to challenge a school's censorship of these bracelets.  The first, brought in the United States District Court for the Eastern District of Pennsylvania, resulted in a preliminary injunction against the defendant enforcing its ban on the "I ♥ Boobies! (Keep a Breast)" bracelets in a middle school, and is currently on interlocutory appeal to the United States Court of Appeals for the Third Circuit.

29. Beginning on February 16, 2011, counsel for K.J. communicated with the District, first through its administration and later through its outside counsel, asking that students be permitted to resume wearing their "I ♥ Boobies! (Keep a Breast)" bracelets.  Those requests were denied in June 2011.

30. Upon information and belief, the Sauk Prairie School District, through its Superintendent and School Board, has endorsed and supported the Sauk Prairie Middle School's ban on bracelets and other clothing bearing the "I ♥ Boobies! (Keep a Breast)" message.

31. K.J. wants to wear her "I ♥ Boobies! (Keep a Breast)" bracelet to school when classes resume in September 2011 in order to continue raising awareness of breast cancer and how to detect it early in order to improve chances of survival.

32. The Sauk Prairie Middle School dress code in effect at all relevant times requires that students "dress appropriately for school." It also prohibits "clothes or jewelry with profanity or suggestive writing" and "sexual innuendo."

33. The ban on wear bearing the "I ♥ Boobies! (Keep a Breast)" message, without regard to whether that message causes a material and substantial disruption to the school day or is lewd or indecent, is an application of the Sauk Prairie Middle School's dress code that infringes on constitutionally protected activity.

34. The District's threat to punish K.J. with detentions, suspension and other penalties amounts to retaliation for constitutionally protected activity.

35. Defendant's actions are producing ongoing irreparable harm for which there is no adequate remedy at law.

36. Defendants' prohibition of the "I ♥ Boobies! (Keep a Breast)" wear, regardless of whether the ban is an application of the dress code, application some other policy or practice, or not founded in any pre-existing policy or practice, violates the Plaintiff's right to free expression under the First Amendment to the U.S.

8

Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. §1983, because there is no reason to believe that the wear will cause a material and substantial disruption to the school day or otherwise fall into one of the narrow categories of student speech that can be regulated by the school, including language that is lewd and indecent.

WHEREFORE Plaintiff respectfully requests that this Court provide the following relief:

(a)     Declare that the Defendants' ban on Keep A Breast Foundation's "I ♥ Boobies! (Keep a Breast)" wear, including bracelets and t-shirts, violates the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

(b)     Declare that the Defendants' application of its dress code policy is substantially overbroad, and thereby violates the First and Fourteenth Amendments to the United States Constitution;

(c)     Enjoin the Defendants from any punishment or sanction against Plaintiff on account of her constitutionally protected speech;

(d)     Enjoin Defendants from enforcing the school dress code against students for wearing Keep A Breast Foundation wear that says "I ♥ Boobies! (Keep A Breast)";

(e)     Award Plaintiff's costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

(f)     Grant such other relief as this Court deems just and proper.

Dated this 8th day of September, 2011.

                                        CULLEN WESTON PINES & BACH LLP

                                        By:  /s Tamara B. Packard
                                              Tamara B. Packard, SBN 1023111

122 West Washington Avenue
Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile: (608) 251-2883
E-mail: Packard@cwpb.com

Lori S. Eshleman, SBN 1031008*
Traver, Haass & Eshleman Law Firm, LLP
135 W. Wells Street, Suite 250
Milwaukee, WI 53203
Telephone: (414) 224-8999
Facsimile: (414) 224-5333
E-mail: eshleman@traverlaw.com
     * admission to W.D. Wis. pending.

Attorneys for Plaintiff K.J., a minor, by and through her mother CARAN BRAUN, and Volunteer Attorneys for the American Civil Liberties Union of Wisconsin Foundation, Inc., 207 E. Buffalo Street, Suite 325, Milwaukee, WI 53202

10